**Anthony Arvorn ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0049–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1981.

Rehearing Denied Jan. 28, 1982.

Discretionary Review Denied
March 31, 1982.

David B. Ziegler, Bellaire, for appellant.

James C. Brough, Houston, for appellee.

Before SMITH, BASS and DUGGAN, JJ.

SMITH, Justice.

The appellant, after certification to the district court, was found guilty by a jury of the offense of murder, and the court assessed his punishment at fifteen years confinement in the Texas Department of Corrections.

The appellant asserts two grounds of error by the trial court: (1) that the confession by the appellant was inadmissible because appellant was not sufficiently warned prior to giving it; and (2) that the evidence was insufficient to support the appellant's conviction.

Appellant's confession reveals that he was sixteen years old at the time the acts were committed for which he was prosecuted. It further reveals that the appellant and two other black males decided to rob a man whose car had stalled and was parked on the side of U. S. Highway 59. The appellant was assigned the task "to go up to the man and set it up and get him to get in his car." The other two individuals were to follow the appellant to the vehicle after the man had gotten into his car. The appellant performed his task and the man got back in the car. The other two males came up as planned and one of them pointed a gun into the car to rob the man. The appellant started running down the embankment on the side of Highway 59, and heard three shots. He turned around, looked, and saw that the other two males involved in the robbery were also running.

Approximately five minutes later the three males met at one of their houses. The two who had performed the robbery had obtained a gold-colored watch, a gold-colored money clip with initials on it, and $38.00.

In addition to the appellant's confession, the State presented several witnesses who testified that on April 22, 1977, they had seen three black males running from a car parked on the shoulder of U. S. Highway 59. Other witnesses testified that they had noticed a traffic jam caused by a car parked on the shoulder of U. S. Highway 59, and that an individual was lying on the ground next to the vehicle, dead from a gunshot wound. The State further presented several officers from the Juvenile Division of the Houston Police Department, as well as the judge who had acted as a magistrate when the confession was signed, each of whom testified to the circumstances surrounding the giving of the appellant's confession.

The appellant contends that, at the time his confession was given, the requirements of Section 51.09 Texas Family Code were not met and that the magistrate failed to properly warn appellant prior to accepting his confession.

Section 51.09 of the Family Code of Texas sets forth the manner in which a waiver of constitutional rights by a juvenile may be obtained. The State contends that the requirements of § 51.09(b)(1) were complied with in this case. That section reads in pertinent part as follows:

(b) Notwithstanding any of the provisions of subsection (a) of this section, the statement of a child is admissible in any future proceeding concerning the matter about which the statement was given if:

(1) When the child is in a detention facility or other place of confinement or in the custody of an officer, the statement is made in writing and the statement shows that the child has at some time prior to the making thereof received from a magistrate a warning . . .

The above statute then sets forth a list of warnings that must be given prior to a confessional statement being made by the child. The warnings given in this case comport with the requirements set forth in § 51.09(b)(1).

The appellant testified at the hearing that no one ever read him his warnings; however, his position on this appeal is that he was not properly warned prior to giving his confession.

In the instant case, a Jackson-Denno hearing was held to determine the admissibility of the confession. At that hearing, Officer Montgomery, who was employed with the Houston Police Department Juvenile Division, testified that on May 11, 1977, around 7:00 a. m., he placed the appellant under arrest and read him the warning from the "blue card"[1] that is furnished by the District Attorney's office. The "blue card" was offered into evidence. Officer Montgomery then testified that he took the appellant downtown to the Juvenile Division of the Police Department, where he again read the warning to the appellant.

Officer Ladd testified that on May 11, 1977, about 9:00 a. m., he went to the Juvenile Division to get appellant and bring him to the Homicide Division. Officer Ladd read the appellant the warning from the District Attorney's "blue card", and took him to the Magistrate, Judge Breen,

---

1. The "Blue Card" contains the following words:

(1) You have the right to have a lawyer present to advise you either prior to any questioning or during the questioning. (2) If you are unable to employ a lawyer, you have the right to have a lawyer appointed to counsel with you prior to or during any questioning, and (3) You have the right to remain silent and not make any statement at all and that any statement you make may and probably will be used in evidence against you at your trial. (4) You have the right to terminate the interview at any time.

The Code provides the officer who takes the statement must give the accused the warning. The accused must then knowingly, intelligently and voluntarily waive his right to counsel and his right to remain silent. Failure to comply will void a confession.

where he was given his magistrate's warning at 9:35 a. m. The completed magistrate's form,[2] which Judge Breen had read, filled out and signed, was offered and ad-

2.

### STATUTORY WARNING

#### ARTICLE 15.17 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

_____ Anthony A Adams @ B... _____ (Name)

___ N ___ (Race) ___ M ___ (Sex) ___ 16 ___ (Age), on this day personally appeared before me, the under-signed Magistrate of the State of Texas, in the custody of _____ a Police Officer, of the City of Houston, Texas, Police Department, and I gave the said arrested person the following warning:

·You have been accused of (committed) the offense of:

_____ MURDER _____ 4/22/77 _____
(Type of purported offense)                           (Date of offense)

_____ 1500 Easley _____ Houston _____ Harris _____ Texas
(Location of purported offense)    (City)         (County)       (State)

On Complaint filed by _____ Rufus William Beard [by State of Texas] _____

√ You have the right to employ a lawyer to represent you. If you cannot afford a lawyer, you have the right to the appointment of a lawyer to represent you.

√ You have the right to an examining trial on any felony charge(s) filed against you.

√ You are not required to make a statement, and any statement you make may and probably will be used against you. You may remain silent while in custody.

√ You have the right to have a lawyer present to advise you during any interview, questioning, or interrogation by peace officers or by lawyers representing the State. You have the right to terminate any such interview, questioning, or interrogation at any time you desire.

√ You have the right to have a reasonable time and opportunity to consult with your attorney concerning this (these) charge(s).

Bail is set at $_____ on this (these) charge(s)

Bail is hereby denied on this (these) charge(s).

In as much as formal charges have not been filed against you at this time, the amount of your bail during your confinement is hereby set at $_____. You are advised that the setting of this bail does not waive your right to an examining trial and that the amount herein set is subject to review in the event formal complaints or charges are filed against you by the Court in which those charges or complaints are filed.

This statutory warning, under Article 15.17 of the Texas Code of Criminal Procedure, is given to you at this time, in Municipal Court of the City of Houston, Harris County, Texas, by the undersigned Magistrate of the State of Texas.

_____ Mike Breen _____
MAGISTRATE
JUDGE, MUNICIPAL COURT
CITY OF HOUSTON, HARRIS COUNTY, TEXAS   5/11/77
DATE _____
TIME _____ 9:35 _____ A.M. _____ P.M.

MAGISTRATE'S REMARKS:
Trade School —

mitted into evidence. The appellant was then taken back to the Homicide Office, where he agreed to make a statement. The top of the statement had a printed warning of the appellant's rights. The statement was finished at 11:12 a. m., and it took about one hour to reduce it to writing. The officers took the appellant to the judge's office at 1:44 p. m., where they left him with the judge for about fifteen to twenty minutes. At that time the judge came out of his office with the appellant and the signed statement.

Judge Breen's testimony was to the effect that he read the appellant his statutory warning on May 11, 1977, at 9:35 a. m., and that later on the same day he saw the appellant again, and reminded him of the earlier warning. Judge Breen then discussed the content of the magistrate's warning but did not read it to him verbatim. Judge Breen also testified that he had discussed the nature and the magnitude of the offense with the appellant. Finally Judge Breen testified that he told the appellant: "Now, I can't make you make a statement. Apparently, you have. I can't make you sign it. You don't have to sign it. But I have to make a certification later that you do this voluntarily, willingly, and that I am of the judgment that it is voluntary. So, if you want to sign the statement, go ahead." The appellant then signed the statement.

■ The appellant's position apparently is that a magistrate must give the statutory warning immediately prior to the statement being signed by the defendant. We are aware of no such requirement, statutory or constitutional.

The appellant was read his statutory rights by police officers on three occasions, by a magistrate on one occassion, and immediately prior to the signing of the confession he had a ten to fifteen minute discussion with the magistrate concerning the content of the warning. Under these circumstances we are of the opinion that the appellant was given proper warning prior to his signing the statement. Appellant's first ground of error is overruled.

■ The appellant's second ground of error contends that the evidence is insufficient to support his conviction because the State failed to connect the appellant with the death of the victim. We do not agree. A confession may render sufficient circumstantial evidence that would be insufficient without it. *White v. State*, 591 S.W.2d 851, 864 (Tex.Cr.App.1979). In this case, the appellant's confession was corroborated by the testimony of the medical examiner, the victim's wife, and three witnesses. Their testimony described the shooting of the victim, the flight of the three males involved, and the death of the victim.

We hold that the confession was sufficiently corroborated by the testimony of the witnesses offered by the State to establish the corpus delicti.

The appellant's second ground of error is overruled and the judgment of the trial court is affirmed.